IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANK CORDOVA, as Administrator
of the Estate of ANTONIO CORDOVA,

       Plaintiff,

vs.                                                                                  No. CIV 00-0273 JC/RLP

WAYNE LARSEN, R. POLO,
B. SALAZAR, L. URIOSTE,
T. DRENNAN, R. MCNUTT, A. BRIGGS,
SANTOS BACA, TRUMAN WOODS,
CITY OF ALBUQUERQUE,
COUNTY OF BERNALILLO,
STATE OF NEW MEXICO,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of Plaintiff's Motion and Memorandum to Remand, filed April 28, 2000 *(Doc. 17)*, and City Defendants' Motion to Dismiss Based on Res Judicata, or in the Alternative, Collateral Estoppel, filed June 2, 2000 *(Doc. 22)*. The Court has reviewed the motions, the memoranda and exhibits submitted by the parties, and the relevant authorities. The Court finds that Plaintiff's motion is well taken and will be granted. The Court further finds that Defendants' motion is not well taken and will be denied.

**I.**      **Background**

Rito Canales and Antonio Cordova were killed by police officers on the night of January 28, 1972. Canales and Cordova were allegedly attempting to steal dynamite from a construction site near Albuquerque, New Mexico. The families of both individuals maintain that Defendants conspired to kill them.

In 1973, the mother of Antonio Cordova sued the Defendants in state court in Bernalillo County for wrongful death. *See Cordova v. City of Albuquerque ("Cordova I"),* CV 73-6488. In preparation for trial, the deposition of Tim Chapa was taken. Mr. Chapa denied being a police informer, denied knowledge of the events that transpired at the construction site, and denied knowledge of a conspiracy to kill Canales and Cordova. Based on Mr. Chapa's information, the Defendants then filed a motion for summary judgment. In sworn affidavits attached to the motion, Defendants claimed that police officers received a tip from an anonymous source who informed them of the plan to steal dynamite. The police officers responded to the construction site, observed Canales and Cordova attempting to steal the dynamite, and attempted to apprehend the two men. Police officers maintained that Canales and Cordova were killed when they fired at the officers. Defendants also denied having familiarity with Tim Chapa. The state court granted the Defendants' motion for summary judgment. The New Mexico Court of Appeals affirmed. *See Cordova v. City of Albuquerque ("Cordova II")*, 526 P.2d 1290 (N.M. Ct. App. 1974).

The brother of Rito Canales also sued the Defendants in 1973, except he brought his action in federal district court. *See Canales v. Larsen, et al. ("Canales I")*, CV 9919. Likewise, Plaintiff alleged that Defendants conspired to kill Canales and Cordova. Defendants again denied the existence of any conspiracy, denied the participation of Mr. Chapa, and provided essentially the same testimony as contained in their affidavits filed in the state court action of *Cordova I*. A jury returned a verdict for the Defendants in *Canales I*.

In 1996, Tim Chapa changed his story. He gave a videotaped statement detailing the existence of a conspiracy, his involvement in the matter, and the participation of the Defendants. He claimed that police officers asked him to infiltrate an organization called the Black Berets, an

2

activist Chicano rights organization. Canales and Cordova were members of this organization. After infiltrating the Black Berets, Mr. Chapa claimed that he worked with police to devise a plan whereby members of the organization would be killed while attempting to steal dynamite. He further claimed that police were waiting at the construction site with the intent to kill Canales and Cordova, and only Cordova was armed. Finally, Mr. Chapa claimed that police officers threatened to kill him if he ever spoke about what actually happened.

Based upon this new evidence, the estates of both Canales and Cordova filed an action in federal district court on November 1, 1999, claiming a fraud on the court pursuant to FED. R. CIV. P. 60(b). *See Canales v. Larsen ("Canales and Cordova I"),* No. CIV 99-1259 JC/RLP and Complaint, filed November 1, 1999 *(Doc. 1).* Plaintiffs wanted the Court to set aside judgments in the two prior civil proceedings: (1) *Cordova I*, the state court action; and (2) *Canales I*, the federal court action. *See id.* Instead, the Court granted the Defendants' motion to dismiss, finding that Plaintiffs had failed to allege facts sufficient to support a claim of fraud on the court. *See Canales and Cordova I,* Memorandum Opinion and Order, filed February 24, 2000 *(Doc. 47).* The Tenth Circuit affirmed, finding no abuse of discretion in the district court's denial of relief from the two prior judgments. *See Canales v. Larsen ("Canales and Cordova II")*, 2001 WL 184221 (10th Cir. 2001).

Meanwhile, Frank Cordova, as administrator of the estate of Antonio Cordova, commenced this pending action, *Cordova III,* on February 7, 2000, in the Second Judicial District Court for the State of New Mexico. Defendants then removed this case to federal court. *See* Notice of Removal, filed February 25, 2000 *(Doc. 1).*

Presently, Plaintiff seeks to set aside the judgment of *Cordova I*, pursuant to Rule 1-

3

060(B), NMRA 2000, claiming a fraud on the court. *See* Complaint to Recover Damages for Wrongful Death and Other Damages Resulting from Police Misconduct Under 42 U.S.C. §1983 and Under New Mexico Common Law at 2, ¶¶ 9-13.

Plaintiff now requests that this Court remand the action back to state court. *See* Plaintiff's Motion and Memorandum to Remand, filed April 28, 2000 *(Doc. 17)*. Plaintiff maintains that questions of state law predominate in this matter, so the Court should exercise it discretion and abstain from hearing the matter. However, Defendants move to dismiss the case based on res judicata, or in the alternative, collateral estoppel. *See* City Defendants' Motion to Dismiss Based on Res Judicata, or in the alternative, Collateral Estoppel, filed June 2, 2000 *(Doc. 22)*. Defendants contend that this case involves the same issues decided by the Court in *Canales and Cordova I*. Thus, Defendants argue that the Court's Memorandum Opinion and Order *(Doc. 47)* in *Canales and Cordova I* should dispose of the issues raised in this case.

**II.    Analysis**

    **A.    Plaintiff's Motion to Remand**

        **1.    Standard of Review**

A cause of action that was originally filed in the state court may be removed by the defendant where "the district courts of the United States have original jurisdiction." 28 U. S. C. § 1441( a). For removal to be considered proper, the removing party must demonstrate that the court is endowed with the requisite subject matter jurisdiction. *See Caterpillar v. Williams*, 482 U. S. 386, 391-92 (1987). If removal is improper, a court may remand the action to state court. A federal court's removal jurisdiction is statutory in nature and is to be strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U. S. 100, 108-09 (1941). Any doubts are to be

resolved in favor of remand.  *See Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F. 2d 331, 333 (10th Cir. 1982).

**2.     Discussion**

Plaintiff argues that this case should be remanded to state court for several reasons:  (1) the Eleventh Amendment bars jurisdiction; (2) all of the Defendants have not concurred with removal; (3) removal is untimely; and (4) state law predominates in this matter.  *See* Plaintiff's Motion and Memorandum to Remand, filed April 28, 2000 *(Doc. 17)*.  In response, Defendants argue that this matter was properly removed to federal court and Plaintiff's motion to remand was untimely.  *See* Defendants Bernalillo County, Baca and Woods' Response to Plaintiff's Motion to Remand, filed April 28, 2000 *(Doc. 18)*.

Despite the parties' arguments, the Court has noticed a jurisdictional problem that neither party has addressed.  A court has an independent obligation to determine its own jurisdiction.  *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990); *see also State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270-71 (10th Cir.1998).  Therefore, a court may raise jurisdictional issues sua sponte.  *See Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 843 (10th Cir.1988).

The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments.  *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).  The losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's

federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). A review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991). The doctrine not only bars review of claims that were actually litigated in state court, but also bars those that are "inextricably intertwined" with the state court judgment. *Feldman*, 460 U.S. at 482 n. 16, 103 S.Ct. at 1315 n. 16. A federal claim is intertwined with the state court judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring).

In this case, a state court granted summary judgment in favor of Defendants in *Cordova I*. The New Mexico Court of Appeals affirmed the decision in *Cordova II*. Now, in *Cordova III*, Plaintiff requests relief from a final judgment in *Cordova I* because of a fraud on the state court. Since Defendants removed this case, a federal court is now being asked to review the merits of a final judgment entered in a state court. *See* Notice of Removal, filed February 25, 2000 (Doc. 1). In other words, if this Court were to retain jurisdiction, it would require a federal court to determine whether or not the state court judgment in *Cordova I* was erroneously entered or was void. Thus, the Court finds that this type of a review is barred by the *Rooker-Feldman* doctrine. Accordingly, Plaintiff's motion to remand this matter back to state court is well taken and will be granted.

    **B. Defendants' Motion to Dismiss Based on Res Judicata or Collateral Estoppel**

Defendants move to dismiss this action by claiming that the Court's final judgment in *Canales and Cordova I* precludes the Court from hearing this matter. *See* City Defendants' Motion to Dismiss Based on Res Judicata, or in the Alternative, Collateral Estoppel, filed June 2,

2000 at 1 *(Doc. 22)*.  In *Canales and Cordova I,* the estates of both Canales and Cordova filed an action in federal district court claiming a fraud on the court pursuant to FED. R. CIV. P. 60(b) and seeking to set aside the judgments in *Cordova I* (the state court action) and *Canales I* (the federal court action).  *See id.*  This Court granted the Defendants' motion to dismiss, finding that Plaintiffs had failed to allege facts sufficient to support a claim of fraud on the court.  *See* Memorandum Opinion and Order, filed February 24, 2000 *(Doc. 47)*.  The Tenth Circuit affirmed in *Canales and Cordova II*, finding no abuse of discretion in the district court's denial of relief from the two prior judgments.  *See Canales v. Larsen*, 2001 WL 184221 (10th Cir. 2001). Defendants now claim that *Canales and Cordova I* and *II* bar consideration of this case because it involves the same transactions and occurrences that were raised in the prior matters.

  However, the parties in *Canales and Cordova I* and *II* did not raise the *Rooker-Feldman* jurisdictional issue discussed above.  This Court and the Tenth Circuit also failed to raise the jurisdictional issue sua sponte.  Regardless, a challenge to a court's jurisdiction may be raised at any time.  *See* FED. R. CIV. P. 12(h)(3); *see also Farmers Ins. Co., Inc. v. Hubbard*, 869 F.2d 565, 570 (10th Cir.1989).  A court may also notice the lack of subject matter jurisdiction on its own motion at any time.  *See United States v. Siviglia*, 686 F.2d 832, 835 (10th Cir.1981) cert. denied, 461 U.S. 918 (1983).  After further review, the Court finds that it lacked jurisdiction to review the matter of *Cordova I* in *Canales and Cordova I*.  Pursuant to the *Rooker-Feldman* doctrine, the Court only had jurisdiction to review *Canales I*, the original federal court action. Therefore, the preclusive effect of *Canales v. Larsen I* upon this pending action is moot. Accordingly, Defendants' motion to dismiss is denied.

7

## IV.     Conclusion

For the above reasons, the Court finds if this Court retains jurisdiction, it would require a federal court to determine whether or not the state court judgment in *Cordova I* was erroneously entered or void.  Such a review is barred by the *Rooker-Feldman* doctrine, and the Court lacks jurisdiction to address this matter.  The Court further finds that in *Canales and Cordova I*, the Court lacked jurisdiction to address *Cordova I*.  Thus, *Canales and Cordova I* has no preclusive effect upon this matter.

Wherefore,

**IT IS ORDERED** that Plaintiff's Motion and Memorandum to Remand, filed April 28, 2000 *(Doc. 17)*, is **granted**.

**IT IS FURTHER ORDERED** that City Defendants' Motion to Dismiss Based on Res Judicata, or in the Alternative, Collateral Estoppel, filed June 2, 2000 *(Doc. 22)*, is **denied**.

DATED May 11, 2001.

_____
UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

    Lauro D. Silva, Esq.
    Albuquerque, New Mexico

    Narciso Garcia, Jr., Esq.
    Albuquerque, New Mexico

Counsel for Defendants:

    Tito D. Chavez, Esq.
    Linda M. Matteucci, Esq.
    Attorneys for Bernalillo County Attorney

    Robert M. White, Esq.
    Richard A. Sandoval, Esq.
    Attorneys for City of Albuquerque

    Jerry A. Walz, Esq.
    Walz and Associates
    Attorney for State of New Mexico